UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINGON MONTAR-MORALES,

                Petitioner,

     v.

MICHAEL OBENLAND,

                Respondent.

CASE NO. C19-1811 MJP

ORDER ADOPTING REPORT AND
RECOMMENDATION

THIS MATTER comes before the Court on Petitioner Domingon Montar-Morales's

Objections (Dkt. No. 23) to the Report and Recommendation of the Honorable Michelle L.

Peterson, United States Magistrate Judge (Dkt. No. 18).  Having reviewed the Report and

Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and

Recommendation and DISMISSES this matter with prejudice.

**Background**

       Petitioner is in custody under a state court judgment and sentence entered by the Skagit

County Superior Court for his convictions for rape of a child in the second degree, residential

1   burglary in the second degree, theft in the second degree, and theft in the third degree.  (Dkt. No.

2   8, Ex. 1 at 2-14.)  The factual and procedural backgrounds underlying Petitioner's conviction are

3   set forth in detail in the Report and Recommendation, but relevant here is the Report and

4   Recommendation's citation to the Washington Supreme Court's holding on the sufficiency of the

5   identity evidence linking petitioner to the child rape:

6           Mr. Montar-Morales also challenges the sufficiency of the evidence that he was
            the one who committed the child rape. But the acting chief judge applied the
7           proper standard, viewing the evidence in the light most favorable to the State and
            determining whether in that light any rational trier of fact could have found
8           beyond a reasonable doubt that Mr. Montar-Morales committed the crime. In re
            Pers. Restraint of Tortorelli, 149 Wn.2d 82, 93, 66 P.3d 606 (2003). Although the
9           victim was assaulted from behind and did not see the offender's face, Mr. Montar-
            Morales was present in the apartment on the night in question, he was the only
10          one in the apartment who was up and awake when the crime occurred, and he
            subsequently approached the victim and tried to tell her something she could not
11          hear before she told anyone what had happened.

12   (Dkt. No. 18 at 17 (citing Dkt. No. 8 ("Rec."), Ex. 15, at 549-50).)  Magistrate Judge Peterson

13   found that the Washington Supreme Court reasonably determined that the identity evidence

14   admitted at trial was sufficient to prove beyond a reasonable doubt that Petitioner was the one

15   who committed the child rape.  (Dkt. No. 18 at 18.)  Although Petitioner's amended habeas

16   petition challenged his conviction on a number of grounds, his Objections focus solely on his

17   contention that there was insufficient evidence to prove his identity beyond a reasonable doubt

18   for the crime of child rape.  (Dkt. No. 13 at 18; Dkt. No. 23.)

19                                          **Discussion**

20   **I.      Legal Standards**

21          Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the

22   Magistrate Judge's Report and Recommendation that has been properly objected to and may

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

1    accept, reject, or modify the recommended disposition.  Fed. R. Civ. P. 72(b)(3); <u>see also</u> 28

2    U.S.C. § 636(b)(1).

3          As noted in the Report and Recommendation, the Constitution forbids the criminal

4    conviction of any person except upon proof of guilt beyond a reasonable doubt.  <u>In re Winship</u>,

5    397 U.S. 358, 364 (1970).  When evaluating a claim of insufficiency of the evidence to support a

6    conviction, the reviewing court must decide "whether, after viewing the evidence in the light

7    most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential

8    elements of the crime beyond a reasonable doubt."  <u>Jackson v. Virginia</u>, 443 U.S. 307, 319

9    (1979) (emphasis in original); <u>see Gordon v. Duran</u>, 895 F.2d 610, 612 (9th Cir. 1990).  Review

10   of the record is sharply limited, and the Court owes great deference to the trier of fact.  <u>Wright v.</u>

11   <u>West</u>, 505 U.S. 277, 296-97 (1992).

12         On habeas review, a federal court may not overturn a state court decision rejecting a

13   sufficiency of the evidence challenge merely because the federal court disagrees—the federal

14   court may do so only if the state court decision was "objectively unreasonable."  <u>Coleman v.</u>

15   <u>Johnson</u>, 566 U.S. 650, 651 (2012) (<u>per curiam</u>) (quoting <u>Cavazos v. Smith</u>, 565 U.S. 1, 2

16   (2011)).  The Court gives the finder of fact "broad discretion in deciding what inferences to draw

17   from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from

18   basic facts to ultimate facts.'"  <u>Id.</u> at 655 (quoting <u>Jackson</u>, 443 U.S. at 319).  Furthermore, an

19   additional layer of deference is added to this standard of review by 28 U.S.C. § 2254(d), which

20   requires petitioner to demonstrate the state court's adjudication entailed an unreasonable

21   application of the <u>Jackson</u> standard.  <u>Emery v. Clark</u>, 604 F.3d 1102, 1111 n.7 (9th Cir. 2010)

22   (citing <u>Juan H. v. Allen</u>, 408 F.3d 1262, 1274 (9th Cir. 2005)).

23   //

24

1
      **II.    Sufficiency of the Evidence**

2
      In Washington, "It is axiomatic in criminal trials that the prosecution bears the burden of

3
establishing beyond a reasonable doubt the identity of the accused as the person who committed

4
the offense." State v. Hill, 83 Wash. 2d 558, 560 (1974). "Identity involves a question of fact

5
for the jury and any relevant fact, either direct or circumstantial, which would convince or tend

6
to convince a person of ordinary judgment, in carrying on his everyday affairs, of the identity of

7
a person should be received and evaluated." Id. Here, Magistrate Judge Peterson concluded that

8
the following evidence elicited at trial was sufficient to support Petitioner's conviction: (1)

9
Petitioner was in the apartment; (2) Petitioner was the only one awake when the rape occurred;

10
and (3) Petitioner approached the victim and tried to say something to her that she could not hear

11
before she told anyone what happened. (Dkt. No. 18 at 17 (citing Rec., Ex. 15, at 549-50; Rec.,

12
Ex. 18 at 194-98).) Moreover, the other males in the apartment at the time all testified to, or

13
were identified by the victim and others, as being asleep before and after the rape occurred.

14
(Dkt. No. 18 (citing Rec., Ex. 18 at 162-63, 197, 228, 233-34; Rec., Ex. 19 at 341-42, 361.).)

15
      Petitioner now objects that this evidence is insufficient under State v. Tilton, 149 Wash.

16
2d 775 (2003), a case Petitioner describes as "factually identical" to the one at bar. In Tilton, the

17
molestation victim, J.L, and perpetrator, Tilton, both asserted at trial that Tilton was asleep

18
during the molestation. Id. at 786. But a second witness who came upon Tilton immediately

19
after the molestation described him as "kind of relaxed" but not necessarily asleep, and a

20
detective reported that J.L. said Tilton had spoken to him during the molestation, telling him not

21
to tell another child who was also in the house. Id. at 786.

22
      The Court finds that Tilton does not support Petitioner's argument. First, the element of

23
the crime at issue in Tilton was whether there was sexual contact for the purpose of sexual

24

gratification, not the identity of the perpetrator, as here.  Id.  Second, the Washington Supreme

Court, articulating the same legal standard applicable here—"[t]aking as true the State's

evidence and drawing all reasonable inferences in the State's favor"—found that there was

sufficient evidence to support the trial judge's conclusion that Tilton was guilty.  Id.

       The State's evidence in this case demonstrated that the rape occurred when Petitioner was

the only one awake in the apartment, there was no evidence anyone else entered the apartment,

and Petitioner approached the victim after the rape and tried to tell her something before she told

anyone what had happened, and therefore a rational finder of fact viewing this evidence in the

light most favorable to the prosecution could reasonably conclude Petitioner committed the

offense.  The Court therefore ADOPTS the Report and Recommendation and DENIES

Petitioner's amended habeas petition.  And because Petitioner failed to make "a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(3), the Court concludes that

a certificate of appealability is DENIED as to all claims.

### Conclusion

       In sum, the Court finds and ORDERS:

       (1)     The Report and Recommendation is adopted;

       (2)     Petitioner's amended habeas petition is DENIED and this action is DISMISSED

with prejudice; and

       (3)     A certificate of appealability is DENIED as to all claims.

//

//

//

//

The clerk is ordered to provide copies of this order to Petitioner and all counsel.

Dated October 28, 2020.

Marsha J. Pechman
United States Senior District Judge